UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE WILLIAMS, JR.,

    Plaintiff,

v.                                                Case No. 04-71064
                                              Case No. 04-71841

DETROIT BOARD OF EDUCATION,
KENNETH BURNLEY, LAVONNE         Honorable Patrick J. Duggan
SHEFFIELD, AND JOHN DOES I AND II,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan, on September 6, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Plaintiff Freddie Williams, Jr. ("Williams") filed these consolidated lawsuits after Defendants terminated him as principal of Trombly Alternative High School ("Trombly") in January 2002, and allegedly forced him to retire from his position as a tenured teacher in April 2002. These actions are now before the Court on remand from the Sixth Circuit. Presently before the Court is Williams' motion for leave to file an amended complaint, filed July 3, 2007. Defendants filed a response to the motion on July 20, 2007. On September 5, 2007, this Court issued a Notice informing the parties that it is dispensing

with oral argument in accordance with Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons set forth below, the motion is denied.

**Procedural Background**

These consolidated cases enjoy a somewhat tortured procedural history. On or about December 17, 2002, Williams filed a lawsuit in the Circuit Court for the County of Wayne, State of Michigan, against the Detroit Board of Education, Lavonne Sheffield, and John Does I and II. (Notice of Removal in Case No. 04-71841 at ¶ 1.) The defendants removed the case to the District Court for the Eastern District of Michigan on January 8, 2003, based on Williams' claim under 42 U.S.C. § 1983. (*Id*. at ¶ 2.) The lawsuit, Case No. 03-70108, was assigned to the undersigned. (*Id*.)

On July 22, 2003– after the defendants answered the complaint, a scheduling order was issued, the parties exchanged their initial disclosures pursuant to Federal Rule of Procedure 26(a), and initial discovery was conducted– Williams moved to voluntarily dismiss his Section 1983 claim and have the matter remanded to State court. (*Id*. at ¶ 3.) On August 18, 2003, this Court granted Williams' motion and remanded the matter to the Wayne County Circuit Court. (*Id*.)

On February 13, 2004, Williams filed a motion for leave to amend his complaint in the State court in order to assert various federal claims. (*Id*. at ¶ 5.) Judge Cynthia Stephens of the Wayne County Circuit Court subsequently granted in part and denied in part Williams' motion, allowing him to amend his complaint to add the following claims: (1) denial of procedural due process in violation of 42 U.S.C. § 1983; (2) "§ 1983 claim;" (3) denial of substantive due process; (4) defamation; and (5) "42 U.S.C. § 1983." (*Id*. at

2

Ex. 5.) On March 23, 2004, in light of Williams' newly-added federal claims, the defendants again removed the matter to this court. (*Id*.) The matter, Case No. 04-71064 was assigned to the undersigned as a companion matter to the earlier proceeding. (*See* Doc. No. 3 in Case No. 04-71064.)

In the meantime, on March 12, 2004, Williams had filed a second lawsuit in the Circuit Court for the County of Wayne, State of Michigan, alleging claims arising out of the same transaction or occurrence as the earlier lawsuit. (Notice of Removal in Case No. 04-71841 at ¶ 7.) In this lawsuit, Williams again named the Detroit Board of Education, Lavonne Sheffield, and John Does I and II as defendants, but he also sued Kenneth Burnley. In this complaint, Williams alleged various state and federal law claims, including claims that he unsuccessfully sought to add to the previously filed lawsuit. Defendants also removed this lawsuit to the United States District Court for the Eastern District of Michigan, Case No. 04-71841, based on Williams' claims alleging violations of his federal constitutional rights. The matter was assigned to the undersigned and, on July 8, 2004, was consolidated with the earlier removed action. (*See* Doc. No. 4 and 7/8/04 Doc. Entry in Case No. 04-71841.)

In these consolidated actions, Williams alleged the following claims: (1) denial of procedural due process in violation of 42 U.S.C. § 1983; (2) "§ 1983 claim;" (3) denial of substantive due process; (4) infringement of Fifth and Fourteenth Amendment liberty interest; (5) violation of the duty to conduct a fair investigation prior to termination set forth in Article I, Section 17 of Michigan's Constitution; (6) defamation; (7) intentional infliction of emotional distress; (8) "42 U.S.C. § 1983;" (9) infringement of liberty

interest in good name and reputation; (10) retaliatory termination in violation of the First Amendment; (11) constructive discharge; and (12) wrongful discharge. On March 14, 2005, Defendants filed a motion for summary judgment with respect to all of Williams' claims. In an opinion and order issued on September 9, 2005, this Court granted Defendants' motion and entered judgment in Defendants' favor. Williams appealed to the Sixth Circuit.

On March 5, 2007, in a per curiam opinion, the Sixth Circuit affirmed this Court's decision with respect to all but one of Williams' claims, his defamation claim. *Williams v. Detroit Bd. of Ed., et al.*, No. 05-2365 (6th Cir. Mar. 5, 2007) (unpublished opinion). The Sixth Court concluded that this Court erred by granting summary judgment to Defendants on Williams' defamation claim based on Michigan's shared interest privilege. The Sixth Circuit therefore remanded the matter to this Court, instructing that Defendants may move again for summary judgment on other grounds following the remand. Defendants in fact filed a renewed motion for summary judgment on June 5, 2007, which is pending. Approximately one month later, Williams filed the pending motion for leave to amend his complaint.

In his motion, Williams seeks to amend his complaint to add the following claims: (1) breach of contract; (2) fair and just treatment pursuant to Article I, Section 17 of the Michigan Constitution; (3) fraud and misrepresentation; (4) violation of the Michigan Teacher Tenure Act; and (5) "[d]efamation of principal and as teacher for the school year June August [sic] 29, 2001 to June 30, 2002."

**Applicable Standard and Analysis**

4

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides that, after a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Leave to amend may be denied when it would result in undue delay or prejudice to the opposing party, where the plaintiff has repeatedly failed to cure deficiencies in the complaint, when the amendment is sought in bad faith or for a dilatory motive, or where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986). To determine whether the nonmoving party will be prejudiced by a proposed amendment, the court considers whether the amendment will require the expenditure of significant additional resources to conduct discovery and prepare for trial, whether it will significantly delay the resolution of the dispute, or whether it will prevent the plaintiff from bringing a timely action in another jurisdiction. *See id.* (citing *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986)). The Sixth Circuit has held that "'the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)).

Defendants undoubtedly will be prejudiced if the Court grants Williams leave to amend his complaint at this late stage in the proceedings. *See Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) (holding that "[b]ecause the discovery deadline had already passed and the deadline for filing dispositive motions on the issue of

5

immunity was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court"); *Duggins v. Steak N' Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (noting that "[a]t least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree"). The proceedings in these consolidated cases are even further along than the proceedings in *Miller* and *Duggins*. Not only are we well beyond the deadline for discovery and the filing of dispositive motions (notably including Defendants' renewed motion for summary judgment), but this Court has decided one motion for summary judgment filed by Defendants, the matters have been appealed, and the Sixth Circuit has rendered a decision. As Defendants note in their response brief: "For the past four and one-half years, the parties have been embroiled in litigation surrounding Plaintiff's termination as the Principal of Trombley Alternative High School in January 2002." (Defs.' Resp. Br. at 1.)

Moreover, Williams fails to offer good cause for his delay in seeking to add the claims that are contained in his proposed amended complaint. The Court cannot fathom why it took Williams four and a half years to assert these claims. Considering the procedural history outlined above, Williams' delayed motion to amend his complaint must be denied.

Accordingly,

**IT IS ORDERED**, that Williams' motion for leave to file an amended complaint is **DENIED**.

s/PATRICK J. DUGGAN

UNITED STATES DISTRICT JUDGE

Copies to:
Benjamin Whitfield, Jr.
Jean-Vierre T. Adams, Esq.
Gina Smith-Gallant, Esq.
Jerome R. Watson, Esq.
Brian M. Schwartz, Esq.